[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

————————————————

No.  19-13486
Non-Argument Calendar

————————————————

D.C. Docket No. 5:16-cv-00596-PGB-PRL

SHADDY WHITTAKER,

Plaintiff-Appellant,

versus

ARNALDO SANCHEZ,
D.O., FCC Coleman,
EDGAR MORALES,
MLP, FCC Coleman,
D. IVEY,
Nurse, FCC Coleman,
LARRY R. JOHNSON,
Medical Doctor, Leesburg Regional Medical Center,
UNITED STATES OF AMERICA,

Defendants-Appellees.

————————————————

Appeal from the United States District Court
for the Middle District of Florida

————————————————

(May 24, 2021)

Before NEWSOM, BRASHER, and ANDERSON, Circuit Judges.

PER CURIAM:

Shaddy Whittaker, proceeding *pro se*, appeals the district court's grant of summary judgment to Larry Johnson, finding that Johnson was not a federal actor for purposes of Whittaker's claim alleging a violation of his federal constitutional rights. Johnson has moved for summary affirmance and to stay the briefing schedule.

Summary disposition is appropriate either where time is of the essence, such as "situations where important public policy issues are involved or those where rights delayed are rights denied," or where "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case, or where, as is more frequently the case, the appeal is frivolous." *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).

*Pro se* pleadings are held to a less stringent standard than counseled pleadings and, therefore, are liberally construed. *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). Nevertheless, *pro se* litigants are still required to conform to procedural rules. *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007). The district court is not required to "rewrite an otherwise deficient pleading in order to sustain an action." *Campbell v. Air Jam. Ltd.*, 760 F.3d 1165, 1168-69 (11th Cir. 2014).

2

"When an appellant fails to challenge properly on appeal one of the grounds on which the district court based its judgment, he is deemed to have abandoned any challenge of that ground, and it follows that the judgment is due to be affirmed." *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 680 (11th Cir. 2014). For an argument to be sufficiently briefed on appeal, the argument must include the appellant's "contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies." Fed. R. App. P. 28(a)(8)(A).

Plaintiffs pursuing a claim for alleged constitutional violations under 42 U.S.C. § 1983 or under *Bivens* "must show that he or she was deprived of a federal right by a person acting under color of [federal] law." *Griffin v. City of Opa-Locka*, 261 F.3d 1295, 1303 (11th Cir. 2001). Here, there is no substantial question that Whittaker has abandoned any challenge to the district court's grant of summary judgment to Johnson by failing to raise any argument to that effect on appeal. See *Groendyke Transp., Inc.*, 406 F.3d at 1162. Even liberally construed, Whittaker reiterates only the merits of his claims, in addition to discussing facts that are outside the scope of those claims, without even a mention of the district court's order granting summary judgment. *See Tannenbaum*, 148 F.3d at 1263; *see also* Fed. R. App. P. 28(a)(8)(A).

Further, even considering the merits of Whittaker's appeal, he failed to demonstrate any evidence showing that Johnson was acting under color of federal

3

law. *See Griffin*, 261 F.3d at 1303. Whittaker did not allege any evidence to show a relationship between Johnson and the federal government, especially when countered by Johnson's affidavit alleging that he was just an emergency medicine doctor working at Leesburg Regional Medical Center who happened to treat Whittaker when he was taken to the emergency room.

Accordingly, there is no substantial question that Whittaker abandoned any challenge to the district court's grant of summary judgment and that, even considering the merits, the district court properly granted summary judgment.

Therefore, Johnson's motion for summary affirmance is GRANTED. The district court's February 22, 2018 order, as it relates to Johnson only, is AFFIRMED. The appeal shall continue with respect to the remaining appellees. The judgment as it relates to Johnson shall be STAYED until it is issued with any judgment with respect to the remaining appellees.